IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OSUALDO MIRELES, | No. CIV S-09-2554-LKK-CMK-P |
| Petitioner, | |
| vs. | FINDINGS AND RECOMMENDATIONS |
| K. DICKINSON, | |
| Respondents. | |
| _____/ | |

Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the court is Respondent's motion to dismiss the petition on the grounds that it is untimely (Doc. 11). Petitioner filed an opposition to the motion (Doc. 14) and respondent filed a reply (Doc. 17). Petitioner is challenging a 2006 prison disciplinary proceeding.

**I.     MOTION TO DISMISS**

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases. The Ninth Circuit has allowed respondents to file a motion to dismiss in

1

1  lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being
2  in violation of the state's procedural rules.  See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th
3  Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state
4  remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural
5  grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F. Supp.
6  1189, 1194 & n. 12 (E.D. Cal. 1982) (same).  Thus, a respondent can file a motion to dismiss
7  after the court orders a response, and the Court should use Rule 4 standards to review the motion.
8  See Hillery, 533 F. Supp. at 1194 & n.12.  The petitioner bears the burden of showing that he has
9  exhausted state remedies.  See Cartwright v. Cupp, 650 F.2d 1103, 1104 (9th Cir. 1981).
10             Respondent brings this motion to dismiss Petitioner's federal habeas corpus
11  petition as filed beyond the one-year statute of limitations, pursuant to 28 U.S.C. § 2244(d).
12             Federal habeas corpus petitions must be filed within one year from the later of: (1)
13  the date the state court judgment became final; (2) the date on which an impediment to filing
14  created by state action is removed; (3) the date on which a constitutional right is newly-
15  recognized and made retroactive on collateral review; or (4) the date on which the factual
16  predicate of the claim could have been discovered through the exercise of due diligence.  See 28
17  U.S.C. § 2244(d).  Typically, the statute of limitations will begin to run when the state court
18  judgment becomes final by the conclusion of direct review or expiration of the time to seek direct
19  review.  See 28 U.S.C. § 2244(d)(1).
20             Where a petition for review by the California Supreme Court is filed and no
21  petition for certiorari is filed in the United States Supreme Court, the one-year limitations period
22  begins running the day after expiration of the 90-day time within which to seek review by the
23  United States Supreme Court.  See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001).
24  Where a petition for writ of certiorari is filed in the United States Supreme Court, the one-year
25  limitations period begins to run the day after certiorari is denied or the Court issued a merits
26  decision.  See Wixom v. Washington, 264 F.3d 894, 897 (9th Cir. 2001).  Where no petition for

review by the California Supreme Court is filed, the conviction becomes final 40 days following the Court of Appeal's decision, and the limitations period begins running the following day.  See Smith v. Duncan, 297 F.3d 809 (9th Cir. 2002).  If no appeal is filed in the Court of Appeal, the conviction becomes final 60 days after conclusion of proceedings in the state trial court, and the limitations period begins running the following day.  If the conviction became final before April 24, 1996 – the effective date of the statute of limitations – the one-year period begins to run the day after the effective date, or April 25, 1996.  See Miles v. Prunty, 187 F.3d 1104, 1105 (9th Cir. 1999).

       The limitations period is tolled, however, for the time a properly filed application for post-conviction relief is pending in the state court.  See 28 U.S.C. § 2244(d)(2).  To be "properly filed," the application must be authorized by, and in compliance with, state law.  See Artuz v. Bennett, 531 U.S. 4 (2000); see also Allen v. Siebert, 552 U.S. 3 (2007); Pace v. DiGuglielmo, 544 U.S. 408 (2005) (holding that, regardless of whether there are exceptions to a state's timeliness bar, time limits for filing a state post-conviction petition are filing conditions and the failure to comply with those time limits precludes a finding that the state petition is properly filed).  A state court application for post-conviction relief is "pending"during all the time the petitioner is attempting, through proper use of state court procedures, to present his claims.  See Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999).  It is not, however, considered "pending" after the state post-conviction process is concluded.  See Lawrence v. Florida, 549 U.S. 327 (2007) (holding that federal habeas petition not tolled for time during which certiorari petition to the Supreme Court was pending).  Where the petitioner unreasonably delays between state court applications, however, there is no tolling for that period of time.  See Carey v. Saffold, 536 U.S. 214 (2002).  If the state court does not explicitly deny a post-conviction application as untimely, the federal court must independently determine whether there was undue delay.  See id. at 226-27.

///

There is no tolling for the interval of time between post-conviction applications where the petitioner is not moving to the next higher appellate level of review. See Nino, 183 F.3d at 1006-07; see also Dils v. Small, 260 F.3d 984, 986 (9th Cir. 2001). There is also no tolling for the period between different sets of post-conviction applications. See Biggs v. Duncan, 339 F.3d 1045 (9th Cir. 2003). Finally, the period between the conclusion of direct review and the filing of a state post-conviction application does not toll the limitations period. See Nino, 1983 F.3d at 1006-07.

Because the statute of limitations under AEDPA is not jurisdictional, it is subject to traditional equitable tolling principles. See Calderon v. United States Dist. Ct. (Beeler), 128 F.3d 1283, 1288 (9th Cir. 1997), overruled in part on other grounds by Calderon v. United States Dist. Ct. (Kelly), 163 F.3d 530 (9th Cir. 1998) (en banc). To be entitled to equitable tolling, the petitioner must demonstrate that: (1) he has been diligent in pursuing his rights; and (2) extraordinary circumstances prevented him from filing on time. See Pace v. DiGuglielmo, 544 U.S. 408 (2005).

In Pace, the Supreme Court held that equitable tolling was not applicable because "petitioner's lack of diligence precludes equity's operation." 544 U.S. at 419. In Beeler, the district court granted equitable tolling and the respondent sought a writ of mandamus to reverse the district court's order. See 128 F.3d at 1288. In denying the respondent's mandamus petition, the Ninth Circuit addressed the district court's decision to grant equitable tolling as follows:

> Having decided that [the statute of limitations] can be tolled, we have no basis for upsetting the district court's decision to allow Beeler more time to file his petition. The district court found that Beeler's lead counsel, Scott Braden, had diligently pursued the preparation of Beeler's petition. Braden, however, withdrew after accepting employment in another state, and much of the work product he left behind was not usable by replacement counsel – a turn of events over which Beeler had no control. There were thus "extraordinary circumstances" which justified tolling [the] statute of limitations.

Id. at 1289.

///

1  In <u>Kelly</u>, the Ninth Circuit again denied mandamus relief and held that equitable

2 tolling was appropriate because:

3 > as part of its order that Kelly be mentally evaluated, the district court ordered "that all other aspects of this case be, and hereby are, stayed pending final determination by this Court of the Petitioner's mental capacity to proceed." The only reasonable reading of this order was that it prohibited Kelly's attorney's from filing a habeas petition, which is how the district court itself construed it. . . . This stay of the proceedings prevented Kelly's counsel from filing a habeas petition and, in itself, justifies equitable tolling.

7 163 F.3d at 541.

8  The Ninth Circuit has also found that mental incompetence may warrant equitable

9 tolling for the period the prisoner was incompetent if he can show that the incompetency in fact

10 caused the delay. <u>See</u> <u>Laws v. Lamarque</u>, 351 F.3d 919 (9th Cir. 2003).

11  Here, Petitioner is challenging a rules violation report which was adjudicated on

12 February 14, 2006. He exhausted his administrative remedies on or about October 12, 2006.

13 However, he did not challenge this disciplinary proceeding in the state court until he filed a

14 petition for writ of habeas corpus on March 9, 2009.[1] This first petition was denied by the

15 Solano County Superior Court on May 12, 2009, citing <u>In re Clark</u>, 5 Cal. 4th 750, 783 (1993),

16 and finding petitioner had unreasonably delayed in filing his petition. Petitioner then appealed

17 that denial to the California Court of Appeals and the California Supreme Court. Both of those

18 appeals were also denied as untimely. The California Supreme Court's denial cited <u>In re</u>

19 <u>Robbins</u>, 18 Cal. 4th 770, 780 (1998).

20  Petitioner argues he is entitled to equitable tolling due to his treatment by mental

21 health professionals. He states he "was "diagnosed with Major Depression Disorder with

22 Psychotic Thinking, in 2007" and that this "mental condition, coupled with the psychotropic

23 medications . . . rendered petitioner mentally incapable of acknowledging, understanding his

---

25 [1] This is the date petitioner signed the petition, providing him the benefit of the mailbox rule. <u>See</u> <u>Stillman v. LaMarque</u>, 319 F.3d 1199, 1201 (9th Cir. 2003). The decision
26 refers to a filing date of March 12, 2009.

legal obligations of this instant matter." He further argues that he is actually innocent of the charges, and attaches the incident report to his opposition. Petitioner fails to provide any supporting documentation for claims. He fails to identify what medication he taking, and fails to provide any mental health evaluations. Respondent, however, provides the court documentation that between 2006 and 2007 petitioner was a participant in the Enhanced Outpatient Program (EOP) level of care. As such, he was assigned a Staff Assistant during his classification hearings and annual review. While petitioner actively participated in the hearings, and stated he understood the proceedings, it appears that he did in fact have some mental deficiencies during this time. It is noted that petitioner's condition improved some by September 2007 as he was reduced from EOP to the Correctional Clinical Case Management System (CCCMS). Respondent therefore argues that this placement and improvement, plus petitioner's participation in the hearings, belies his contention that he is eligible for equitable tolling.

      The undersigned does not agree. While petitioner does not support his contention well, and the documents respondent provides show petitioner made some improvement and participated in the hearings, there is sufficient information in this case to satisfy the undersigned that petitioner's incompetence was at least a contributor to his untimely challenge. In addition, as respondent points out, there is perhaps another basis for the dismissal of this action.[2] See Wilson v. Terhune, 319 F.3d 477, 480-81 (9th Cir. 2003). The undersigned therefore finds it appropriate to deny the motion to dismiss, without prejudice to filing a renewed motion to dismiss.

      Based on the foregoing, the undersigned recommends that respondent's motion to dismiss (Doc. 11) be denied and that respondent be granted leave to file a renewed motion to dismiss on the grounds that petitioner's petition does not affect the fact or duration of his custody.

---

[2] Why all defects were not raised in the motion to dismiss is unclear to the court.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  January 26, 2011

　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　**CRAIG M. KELLISON**
　　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE