IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OSUALDO MIRELES, | No. CIV S-09-2554-LKK-CMK-P |
| Petitioner, | |
| vs. | FINDINGS AND RECOMMENDATIONS |
| K. DICKINSON, | |
| Respondents. | |
| _____/ | |

      Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Pending before the court is respondent's unopposed motion to dismiss (Doc. 18).  Petitioner is challenging a 2006 prison disciplinary proceeding.

      **I.**      **MOTION TO DISMISS**

      Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ."  Rule 4 of the Rules Governing Section 2254 Cases.  The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being

in violation of the state's procedural rules.  See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F. Supp. 1189, 1194 & n. 12 (E.D. Cal. 1982) (same).  Thus, a respondent can file a motion to dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion. See Hillery, 533 F. Supp. at 1194 & n.12.  The petitioner bears the burden of showing that he has exhausted state remedies.  See Cartwright v. Cupp, 650 F.2d 1103, 1104 (9th Cir. 1981).

Respondent brings this motion to dismiss petitioner's federal habeas corpus petition on the grounds that the petition fails to challenge the fact or duration of petitioner's imprisonment.  Respondent argues that because petitioner did not lose good time credits as a result of his disciplinary action, and the possibility of the disciplinary action having an adverse affect upon his parole eligibility is an insufficient consequence, his petition should be dismissed.

Petitioner did not file an opposition to the motion to dismiss.[1]  Therefore, the only information before the court is that contained in petitioner's petition.  In his petition, petitioner challenges a rules violation report (RVR) wherein he was charged with attempted murder. Petitioner was originally found guilty of the charges, and assessed 360 days credit forfeiture, 10 days loss of privileges, and a term of security housing unit (SHU) placement.  Petitioner filed an inmate grievance following the hearing, wherein he requested the RVR be dismissed. Petitioner's request of dismissal was denied, but it was determined that the hearing officer inappropriately denied his witness request.  The disposition was therefore vacated and a new hearing was ordered.  After the new hearing, petitioner was again found guilty of attempted murder, but not assessed any loss of credit.  Petitioner thereafter filed another inmate grievance on the basis that there was insufficient evidence to substantiate the charge of attempted murder.

---

[1] Petitioner's failure to file an opposition to the motion to dismiss can be deemed a waiver of any opposition to the granting of the motion pursuant to Local Rule 230(*l*).

On review, it was determined by the warden that there was in fact information overlooked by the senior hearing officer, and the charges were decreased to battery on a peace officer.  In addition, the reviewer found that the time constraints in adjudicating the RVR were exceeded, and therefore petitioner was not assessed any loss of credit, the SHU term was vacated, and petitioner was released therefrom.  Petitioner is now challenging that same disciplinary RVR on the basis that it was not supported by evidence, and the guilty disposition will impact his parole eligibility.

        A writ of habeas corpus is the appropriate federal remedy when "a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to an immediate or speedier release from that imprisonment." Preiser v. Rodriguez, 411 U.S. 475, 500 (1973).  Challenges to prison disciplinary convictions in which the inmate has lost time credits must be raised in a federal habeas corpus action unless the credits have been restored or the disciplinary conviction set aside.  See Edwards v. Balisok, 520 U.S. 641 (1997).  Federal habeas corpus jurisdiction also exists when a prisoner seeks "expungement of a disciplinary finding from his record if expungement is likely to accelerate the prisoner's eligibility for parole." Bostic v. Carlson, 884 F.2d 1267, 1269 (9th Cir. 1989) (citing McCollum v. Miller, 695 F.2d 1044, 1047 (7th Cir. 1982)); see also Docken v. Chase, 393 F.3d 1024, 1028- 29, 1031 (9th Cir. 2004) (challenging state parole board's refusal to provide petitioner with annual review of his suitability for parole).

        Expungement of a disciplinary finding is "likely" to accelerate a prisoner's eligibility for parole when his claim has "a sufficient nexus to the length of imprisonment so as to implicate, but not fall squarely within the 'core' challenges identified [in Preiser]." Docken, 393 F.3d at 1031.  An inmate's claim strikes at the core of habeas corpus when it "attack[s] the very duration of [his] physical confinement itself" and seeks "immediate release or speedier release from that confinement." Preiser, 411 U.S. at 487-88, 498.  The Ninth Circuit has concluded that a "sufficient nexus" exists, and therefore habeas jurisdiction, where a prison inmate "seek[s] only equitable relief in challenging aspects of [his] parole review that . . . *could*

potentially affect the duration of [his] confinement." Docken, 393 F.3d at 1031 (emphasis in original).  However, "habeas jurisdiction is absent, and a § 1983 action proper, where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence." Ramirez v. Galaza, 334 F.3d 850, 859 (9th Cir. 2003).  "[T]he *likelihood* of the effect on the overall length of the prisoner's sentence . . . determines the availability of habeas corpus." Docken, 393 F.3d at 1028 (quoting Ramirez, 334 F.3d at 858) (emphasis in original).

A disciplinary violation may affect the duration of an inmate's confinement in that it is one of several factors reviewed in determining parole eligibility.  See Cal. Code Regs. tit. 15, § 2402(a).  However, a disciplinary conviction is only one of several factors considered when reviewing an inmate's "risk of danger to society if released from prison."  Id.  The Board of Parole Hearings is required to consider "all relevant, reliable information available," including the prisoner's social history, mental state, criminal history and misconduct, the commitment offense, behavior before, during, and after the crime, "and any other information which bears on the prisoner's suitability for release." Id., § 2402(b).  The unsuitability and suitability factors are "set forth as general guidelines" to be considered by the parole board.  Id., § 2402(c), (d).  The presence of a prison disciplinary conviction can therefore diminish the chance that an inmate will be granted a parole date, and prisoners are often advised to become or remain disciplinary free pending their next parole hearing.

In this case, petitioner's loss of credit was overturned during the grievance process as the appropriate time limits were not adhered to.  Therefore, petitioner seeks expungement of his disciplinary conviction only on the basis of the possible affect it may have on his parole eligibility, and not to gain back lost credits (which would have a direct impact on the overall length of his sentence).  However, he has failed to provide the court with sufficient information to determine whether expungement of his disciplinary conviction is likely to accelerate his eligibility for parole.  There is nothing in his petition indicating whether this disciplinary conviction is the only one in his record, whether he has ever received a parole suitability hearing,

4

whether he is eligible for parole, or whether he has previously been denied a parole date on the basis of his prison disciplinary record.  As he failed to file an opposition to the motion to dismiss, he has missed his opportunity to provide the court with that missing information to raise his claim above pure speculation as to whether or not the presence of this disciplinary conviction would affect his parole eligibility.  See Sandin v. Conner, 515 U.S. 472, 487 (1995) ("The chance that a finding of misconduct will alter the balance [or a parole suitability decision] is simply too attenuated to invoke the procedural guarantees of the Due Process Clause"); Ramirez, 334 F.3d at 859 (successful challenge to a prison disciplinary proceeding will not necessarily shorten the length of confinement because the Parole Board could deny parole for other reasons).  The undersigned therefore finds that petitioner's claim as to the possible affect the disciplinary conviction may have on his parole eligibility is too speculative for federal habeas jurisdiction.

        Based on the foregoing, the undersigned recommends that respondent's motion to dismiss (Doc. 20) be granted, the petition be dismissed, and this case be closed.

        These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  January 25, 2012

                                                        **CRAIG M. KELLISON**
                                                        UNITED STATES MAGISTRATE JUDGE